IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

        Plaintiff,                      No. 2:11-cv-1798 KJN P

    vs.

D. REYES, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
4  U.S.C. § 1915(b)(2).
5          The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1),(2).
11         Review of the instant complaint demonstrates that plaintiff asserts some claims
12 that are currently pending in another of his cases, which is also before the undersigned.  See
13 Montano v. Solomon, Case No. 2:07-cv-0800 KJN P.  The first-filed case proceeds on plaintiff's
14 Second Amended Complaint filed June 4, 2008.  (Dkt. No. 19.)  Following dismissal of several
15 defendants (Dkt. No. 21, 25), the action proceeds only against defendant physician Dr. Tan,
16 based on plaintiff's Eighth Amendment claim that Dr. Tan was deliberately indifferent to
17 plaintiff's serious medical needs.[1]  Plaintiff alleges that Dr. Tan improperly prescribed plaintiff
18 medications, which he allegedly took according to instruction, causing him to lose consciousness
19 and suffer injuries.  Plaintiff makes the same allegations against Dr. Tan in the instant complaint.
20 Due to the duplicative nature of plaintiff's allegations against Dr. Tan in both of these cases, the
21 claims must be dismissed in the instant, second-filed case.  See Adams v. California Dept. of

---

23 [1] In plaintiff's first-filed case, the initial complaint was dismissed in its entirety with leave
   to file an amended complaint.  (Case No. 2:07-cv-0800 KJN P, Dkt. No. 12.)  Plaintiff's First
24 Amended Complaint was also dismissed in its entirety with leave to file a further amended
   complaint.  (Id., Dkt. No. 16.)  Plaintiff filed his Second Amended Complaint on June 4, 2008,
25 naming as defendants Tan, Solomon, Traquina, Naku, and Noriega.  (Id., Dkt. No. 19.)  The court
   found service of process appropriate only for Dr. Tan.  (Id., Dkt. No. 21.)  All other named
26 defendants were dismissed from the action.  (Id., Dkt. No. 25.)

1 Health Servs., 487 F.3d 684, 689 (9th Cir. 2007) (a claim is duplicative, warranting dismissal, if
2 the "causes of action and relief sought, as well as the parties or privies to the action, are the
3 same").

        Additionally, in the instant case, plaintiff alleges, that defendants Dr. Reyes, Nurse Podolsky, Nurse and CEO Clark, Appeals Examiner Hammond, and Appeals Coordinator Foston, improperly denied his requests for a lower bunk and for boots (hightops) with crepe soles, both items allegedly necessary due to plaintiff's continuing back problems.  Plaintiff previously sought to include these allegations in his first-filed case, in a proposed Third Amended Complaint.  The court denied the request for the following reasons (Dkt. No. 75 at 2-3 (fn. omitted)):

> For the following reasons, the court denies plaintiff's request for leave to file his proposed Third Amended Complaint ("PTAC"). Plaintiff seeks to add new claims premised on a recently exhausted administrative grievance, wherein plaintiff sought to obtain crepe-soled shoes and assignment to a lower bunk. Both requests were premised on plaintiff's ongoing complaints of back pain. The PTAC would add five new defendants: one defendant, Dr. Solomon, who treated plaintiff prior to Dr. Tan's challenged conduct, was previously dismissed by the court; three defendants who have had only supervisory roles in evaluating plaintiff's most recent grievance ([1] N. Podolsky, R.N., who interviewed plaintiff at the First Level regarding his new grievance; [2] Jackie Clark, R.N., M.B.A., current CEO for San Quentin's Health Care program, who interviewed plaintiff at the Second Level regarding his new grievance; and [3] C. Hammond, Inmate Appeals Examiner, who, on behalf of the Warden, reviewed and signed the Third Level Review of plaintiff's new grievance). Plaintiff concedes that Dr. Solomon was previously dismissed from this action, based on the court's finding that plaintiff had failed to state a potentially cognizable claim against Dr. Solomon. Plaintiff also concedes , albeit implicitly, the remote roles of the proposed supervisory defendants, alleging only that each were, or remain, in a position to assist plaintiff but allegedly have failed to do so. (PTAC, at 6, 8.) Of the potentially newly named defendants, only Dr. Reyes, plaintiff's current primary care physician, has had a direct link with plaintiff's medical care.
>
> An existing suit may not be fundamentally altered by the addition of new, unrelated claims or defendants. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to a lawsuit only if all of the claims are against the same defendant.

      Fed. R. Civ. P. 18(a).  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit only if the right to relief arises out of the same "transaction, occurrence, or series of transactions," and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated claims that involve different defendants must be brought in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

      Plaintiff makes no new claims against the only currently named defendant, Dr. Tan.  Plaintiff's new claims against the proposed new defendants are premised on an alleged ongoing failure to provide adequate medical care for plaintiff's back pain that is unrelated in time and circumstances to the incident giving rise to this action, viz., the allegedly inadequate medical care provided by Dr. Tan, which allegedly resulted in plaintiff's loss of consciousness and injuries sustained thereby.  While plaintiff's alleged injuries resulting from this incident include ongoing back pain, this is the only common thread with plaintiff's newly exhausted administrative grievance.  While plaintiff's alleged ongoing back pain may be relevant to the amount of plaintiff's damages, it is not relevant to Dr. Tan's liability.  Accordingly, plaintiff's motion for leave to file a Third Amended Complaint at this late date is denied.

The court noted, however, that "[t]his ruling does not, however, preclude plaintiff from filing a separate civil rights action premised on the exhaustion of his new administrative grievance." (Dkt. No. 75 at 4 n.3.)

      Plaintiff has now filed the instant separate action premised on the exhaustion of his administrative grievance challenging the denial of his requests for a lower bunk and crepe-soled boots.  For the reasons already identified by the court, in Case No. 2:07-cv-0800, set forth above, it appears that plaintiff may state a potentially cognizable claim against Dr. Reyes.  The fact that named defendants Podolsky, Clark, Hammond and Foston participated in responding to plaintiff's administrative grievance does not necessarily demonstrate their active participation in the conduct plaintiff challenges as unconstitutional.  As another Magistrate Judge recently noted:

      [A]n appeals coordinator [or other staff official reviewing an administrative grievance] does not cause or contribute to a completed constitutional violation that occurs in the past.  See George v. Smith, 507 F.3d 605, 609-610 (7th Cir. 2007) ("[a] guard who stands and watches while another guard beats a prisoner

4

> violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). However, if there is an ongoing constitutional violation and the appeals coordinator [or another staff official] had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator [or other staff official] knew about an impending violation and failed to prevent it. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to act to prevent it).

Herrera v. Hall, 2010 WL 2791586, at * 4 (E.D. Cal. 2010).

Due to these deficiencies, the instant complaint must be dismissed. However, the court will grant plaintiff leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he must not name Dr. Tan, or recite the factual allegations supporting plaintiff's first-filed action against Dr. Tan. The amended complaint must be limited to the factual allegations and legal claims pertinent only to the denial of plaintiff's requests for a lower bunk assignment and crepe-soled boots. The complaint must allege in specific terms how each named defendant was specifically involved in the denial of plaintiff's requests. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is based on the general rule that an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (Dkt. No. 1) is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

5. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: September 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont.14.new.dms.kjn

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

        Plaintiff,                  No. 2:11-cv-1798 KJN P

    vs.

D. REYES, et al.,                  NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

_____      _____
Date                                                            Plaintiff