IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

        Plaintiff,                    No. 2:11-cv-1798 KJN P

       vs.

D. REYES, et al.,                   <u>ORDER AND</u>

        Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.  On September 14, 2011, this court granted plaintiff's application to proceed in forma pauperis and dismissed plaintiff's original complaint with leave to filed an amended complaint consistent with the court's instructions.  (Dkt. No. 5.)  Plaintiff filed his First Amended Complaint on September 29, 2011.  (Dkt. No. 8.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The gravamen of plaintiff's First Amended Complaint ("FAC") is that prison officials were deliberately indifferent to plaintiff's serious medical needs by denying plaintiff's

1  requests for a low bunk chrono, and for crepe-soled boots with inner supports, both allegedly
2  medically necessary to accommodate plaintiff's alleged back pain.  Plaintiff names as defendants
3  his primary care physician, Dr. Reyes, and four individuals who participated in the review of
4  plaintiff's related administrative grievance:  nurses Podolsky (who issued the First Level Review
5  decision on January 7, 2011), and Clark (who issued the Second Level Review decision on
6  February 14, 2011); and final reviewers Hammond (Appeals Examiner) and Foston (Chief,
7  Inmate Appeals Branch), who together issued the Director's Level Review decision on April 13,
8  2011.  (See Dkt. No. 8 at 7-21.)

9            The Eighth Amendment proscribes cruel and unusual punishment.  Inadequate
10 medical care may constitute cruel and unusual punishment cognizable under Section 1983 only if
11 the care demonstrated "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429
12 U.S. 97, 106 (1976).  To establish deliberate indifference, a plaintiff must show that the
13 defendant knew of and disregarded an excessive risk to plaintiff's health or safety.  Farmer v.
14 Brennan, 511 U.S. 825, 837 (1994).  A prison official must "both be aware of facts from which
15 the inference could be drawn that a substantial risk of serious harm exists, and he must also draw
16 the inference."  Id.  A defendant may be deliberately indifferent if he purposefully ignores or fails
17 to respond to a prisoner's pain or possible medical need.  McGuckin v. Smith, 974 F.2d 1050,
18 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d
19 1133, 1136 (9th Cir. 1997).  Deliberate indifference may occur when prison officials deny, delay,
20 or intentionally interfere with medical treatment, or may be demonstrated by the way in which
21 prison officials provide medical care.  Id. at 1059–60.  A showing of merely inadvertent or even
22 negligent medical care is not enough to establish a constitutional violation.  Estelle, 429 U.S. at
23 105–06.

24           The court finds that the FAC states a potentially cognizable Eighth Amendment
25 claim only against defendant Reyes.  Despite the general allegations of the complaint, the
26 supporting administrative grievance indicates that Dr. Reyes, as plaintiff's primary care

physician, was responsible for, and directly involved in, addressing plaintiff's subject requests, and expressly rejected the requests as medically unnecessary. Dr. Reyes examined plaintiff on October 10, 2010, and also relied on the results of plaintiff's May 25, 2010 lumbar x-ray, to conclude that implementation of plaintiff's requests were medically unnecessary. (See Dkt. No. 8 at 7-8.) Nevertheless, on October 13, 2010, Dr. Reyes ordered a back brace for plaintiff (id. at 19) and, on December 29, 2010, ordered insoles for plaintiff (id. at 18).[1] Only plaintiff's allegations against Dr. Reyes support the requirement, in Section 1983 cases, that there be an actual connection or link between the alleged action of the defendant and the resulting alleged deprivation. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); see Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

    In contrast, plaintiff fails to state a potentially cognizable Eighth Amendment claim against any of the other four named defendants. Plaintiff alleges generally only that each of these defendants had the "authority and opportunity" to grant plaintiff's requests because they participated in the review of plaintiff's related administrative grievance. However, in general, a defendant's participation in the administrative review or denial of a plaintiff's inmate appeal does not give rise to a cause of action. See e.g. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (no constitutional right to an inmate appeal or grievance process); Lewis v. Ollison, 571 F. Supp. 2d 1162, 1170 (C.D. Cal. 2008); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

    California Department of Corrections and Rehabilitation regulations authorize facility-employed health care staff, "within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates." Cal. Code Regs., tit. 15, § 3354. It is clear, however, that reviewing nurses Podolsky and Clark were simply deferring to Dr. Reyes'

---

[1] Each of these chronos, in addition to setting forth the correctly noted dates in 2010, also contain apparently erroneous references to 2011.

prior evaluation of plaintiff's medical needs and decisions thereon. Not only did Dr. Reyes have greater medical authority than Podolsky and Clark, but he was plaintiff's primary care physician. The involvement of Podolsky and Clark in decisions concerning plaintiff's medical care was very limited, pursuant only to their First and Second Level reviews of plaintiff's administrative grievance -- review of their substantive responses indicates that each defendant "partially granted" plaintiff's appeal based on a comparison of plaintiff's complaints with Dr. Reyes' assessment and care, and a conclusion that Dr. Reyes' denial of plaintiff's requests was appropriate. These facts fail to state a cognizable Eighth Amendment claim against Podolsky or Clark.

Plaintiff's allegations against defendants Hammond and Foston, neither of whom are medically trained, are even more attenuated because premised only on the fact of their Director's Level Review of plaintiff's grievance, and denial thereon. These allegations fail to state a cognizable Eighth Amendment against Hammond or Foston.

For these reasons, the court finds that the FAC states a potentially cognizable claim only against defendant Dr. Reyes. This action should proceed only on plaintiff's Eighth Amendment claim that defendant Dr. Reyes was deliberately indifferent to plaintiff's serious medical needs, based on Dr. Reyes' denial of plaintiff's requests for a low bunk chrono and crepe-soled boots with inner supports. The remaining defendants should be dismissed from this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendant: Dr. D. Reyes, M.D.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the First Amended Complaint filed September 29, 2011 (Dkt. No. 8).

////

////

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Reyes; and

    d. Two copies of the endorsed First Amended Complaint filed September 29, 2011 (Dkt. No. 8).

4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. In addition, the Clerk of Court shall randomly assign a district judge to this action.

Finally, for the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's claims against defendants Podolsky, Clark, Hammond and Foston be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont1798.1.f&r.ac.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

      Plaintiff,                    No. 2:11-cv-1798 KJN P

     vs.

D. REYES, et al.,                   NOTICE OF SUBMISSION

      Defendants.                 OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____ completed summons form

      _____ completed USM-285 forms

      _____ copies of the First Amended Complaint

_____      _____
Date                                        Plaintiff